### SHEPHERD v PAYSER

Ohio Appeals, 9th Dist, Lorain Co

No 858.  Decided Dec 7, 1937

Thos. E. O'Hern, Lorain, for appellant.
William M. Barrett, Lorain, for appellee.

### OPINION

By STEVENS, PJ.

This is an appeal upon questions of law from a judgment of the Common Pleas Court of Lorain County, Ohio.

Some years ago the defendant, George Payser, appellee herein, was indicted, tried and convicted in the Common Pleas Court of Lorain county, Ohio, on the charge of failure to support a minor child, and was sentenced to the reformatory at Mansfield. Execution of sentence was suspended upon the condition that said Payser execute a bond in the sum of $500 for the support of said child with sufficient surety thereon, and thereafter such a bond was executed by said Payser, and the plaintiff, appellant herein, signed said bond as surety.

Payser failed to pay for the support of said child, according to the terms of said bond, and thereupon suit was filed against said Payser and Halleck Shepherd upon said bond, and in 1932, judgment for the amount of said bond and costs was recovered against Payser and Shepherd.

Shepherd paid said judgment, together with the costs in said suit; thereafter, on the same day, Payser executed and delivered to said Shepherd his promissory note in the sum of $502.80, together with interest thereon at 6%, to evidence his indebtedness to Shepherd for the money which Shepherd had paid in satisfaction of the judgment obtained upon said bond.

Payser failed to pay said promissory note according to its tenor, and Shepherd thereupon reduced said note to judgment in the Municipal Court of Lorain, Ohio. Thereafter, Payser filed his voluntary petition in bankruptcy, and listed as one of his

debts the balance due on the judgment of Shepherd against said Payser.

Proceedings in aid of execution were thereafter instituted upon said judgment, and the garnishee, the National Tube Co., was ordered to pay into court certain moneys; whereupon Payser filed a motion to discharge and vacate the orders in aid of execution and all proceedings had thereunder, for the reason that said judgment was stayed by the filing of the voluntary petition in bankruptcy; and in an agreed statement of facts it was admitted that, for the purpose of said action, it might be considered that a discharge in bankruptcy would eventually be issued to Payser.

The Municipal Court of Lorain, Ohio, overruled said motion to discharge and vacate the aid proceedings, whereupon Payser appealed to the Court of Common Pleas. That court reversed the judgment of the Municipal Court of Lorain and dismissed the proceedings in aid of execution, holding that the proceedings in bankruptcy operated to discharge the obligation of the defendant to the plaintiff upon the demand in question.

There is thus presented to this court the question as to whether, under the circumstances presented by the record herein, the judgment in question is an obligation dischargeable by bankruptcy.

It is contended by the appellant that the note in question was given for the support of a minor child, and that the support of a minor child is one of the items which is excepted from dischargeability under the provisions of §17 of the Bankruptcy Act. That contention is met by the appellee's assertion that the basis of this suit is not a claim for the support of a minor child, but, rather, a judgment predicated upon a negotiable instrument; and that, inasmuch as such a judgment is dischargeable in bankruptcy, the debt sought to be collected herein was discharged by the bankruptcy of Payser.

This court is of the opinion that, prior to the institution of the action upon the note given by Payser to Shepherd and the subsequent judgment rendered upon said note, Shepherd had two possible causes of action against Payser: one, an equitable action predicated upon his right of subrogation; the other, a legal action for recovery upon the promissory note given to evidence Payser's indebtedness to Shepherd.

Shepherd elected to pursue his legal remedy, reduced said note to judgment, and issued execution thereon. We hold that such conduct evidenced a conclusive act of election, which thereafter precluded Shepherd from resorting to the equitable remedy which he might have chosen had he so elected.

Vol 15, O. Jur., Election of Remedies, §36, entitled "(Necessary Acts of Elector)—Judgment and Levy of Execution," states the following:

"A conclusive act of election is generally regarded to have been made in cases in which the pursuit of one of the remedies has terminated in a judgment or decree, and this rule prevails in regard to the rendition of a judgment at law to redress a wrong for which there is also an equitable remedy. A fortiori the levy of execution would also constitute a conclusive act of election."

In this case, Shepherd has pursued his legal remedy to final judgment, and his election to pursue that legal remedy bars him of the right to pursue the equitable remedy which was available to him prior to his election.

Frederickson v Nye, et al., 110 Oh St 459, syllabus 2.

We perceive no error in the judgment of the trial court, and that judgment is affirmed.

WASHBURN and DOYLE, JJ, concur in Judgment.